Walter **BUNTING** et al., Plaintiffs,

v.

**GAINSVILLE MACHINE CO.**, Inc., **Defendant.**

**Civ. A. No. 4139.**

United States District Court, D. Delaware.

Nov. 17, 1971.

Howard M. Berg, Wilmington, Del., for plaintiffs.

Robert G. Carey, Wilmington, Del., for defendant.

## OPINION

STEEL, District Judge:

Walter Bunting was injured in the course of his employment by Townsend's Inc., when he was struck by a piece of machinery manufactured and installed by defendant at Townsend's Inc. Walter, joined by his wife for loss of consortium, sued defendant for its alleged negligence, *inter alia*, in designing and installing the machinery. Jurisdiction is based upon diversity of citizenship.

Defendant noticed the taking of deposition of Edward Mead, Claims Representative, Liberty Mutual Insurance Company, and by subpoena duces tecum under Rule 45 and an implementing stipulation sought to obtain the production of "all records" under the control of Liberty Mutual "concerning [the] accident". Liberty Mutual had insured Townsend's Inc. under the Delaware Workmen's Compensation Act, 19 Del.C. § 2301 et seq., and has paid plaintiffs under the Act. Plaintiffs seek a protective order under Rule 26(c) to limit the scope of the proposed examination so as to exclude defendant from inquiring into the knowledge or material acquired by Mead properly classified as "trial preparation" material.

The subpoena duces tecum was issued pursuant to Rule 45(d). The Rule permits the subpoena to embrace documents "which constitute or contain matters within the scope of the examination permitted by Rule 26(b)". It also makes a subpoena subject to the issuance of a protective order under Rule 26(c).

Rule 26(b) (3) is entitled "Trial Preparation: Materials". Under it, which is incorporated by reference in Rule 45(a), a party may obtain discovery of documents:

"prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."

Plaintiffs argue that the defendant has failed to show that it has substantial need of the materials in the preparation of defendant's case and that defendant is unable without undue hardship to obtain their substantial equivalent by other means. Plaintiffs argue that Rule 26 (b) (3) makes such a showing indispensible.

The protection accorded by Rule 26(b) (3) can only be asserted by a "party" or his "representative" which for present purposes includes his "insurer".

Liberty Mutual is not a "party". Nor is it a "representative" or "insurer" of plaintiffs as those terms are used in the Rule, anymore than an insurance carrier of a person sued for negligence would be a "representative" or "insurer" of the injured party. Liberty Mutual, therefore, does not fall within the literal terms of Rule 26(b) (3).

Plaintiffs argue, however, that documents in the possession of Liberty Mutual fall within the spirit of the Rule. They point out that Liberty Mutual, up to the amount of the compensation

benefits which it has paid to plaintiffs, is entitled, as subrogee, to any recovery by plaintiffs against defendant, and can at any time become a party of the action.* Plaintiffs assert that for these reasons Liberty Mutual in practical effect stands in the shoes of the plaintiffs and the Rule should be interpreted to protect plaintiffs from having Liberty Mutual reveal its records.

The rule was enacted to protect a party against the disclosure of materials (work product) which it prepared or which someone on its behalf prepared, more likely than not at that party's own expense, in connection with the prosecution of that party's own action or the defense by that party of an action brought against it. The protection was intended to encompass documents prepared by a party or someone acting on its behalf to aid that party in the litigation.

The documents in the possession of Liberty Mutual do not fit this description. It was not paid by plaintiffs to assemble information for plaintiffs' use nor did it attempt to do so. In fact, in one aspect the interest of Liberty Mutual was adverse to plaintiffs'. When plaintiffs presented their claim under the Workmen's Compensation law it was necessary for Liberty Mutual to be in a position to protect itself against the assertion by plaintiffs of a false or exaggerated claim of injury. To prevent this, it was in Liberty Mutual's interest, and not plaintiffs', to collect information about the accident and to expend whatever of its monies were necessary to obtain it.

Of course, as plaintiffs say, Liberty Mutual after paying plaintiffs, has an interest in having plaintiffs recover against the defendant at least the amount which Liberty Mutual under the Compensation Act had already paid. As subrogee of the plaintiffs, Liberty Mutual, if plaintiffs recovered, would be entitled to be reimbursed by plaintiffs up to that amount. This interest, while identical with plaintiffs', is far more remote and not as immediate as was its own interest when it assembled documentary evidence to protect itself against any unjustified claim which plaintiffs might make under the Compensation laws. So far as the record discloses Liberty Mutual never called upon plaintiffs to pay for the investigatory work which it did nor did plaintiffs request Liberty Mutual to do any.

It would be stretching too far the language of Rule 26(b) (3) and the reason underlying it to accord plaintiffs the protection which they seek against the disclosure of documents in the possession of Liberty Mutual.

The motion of plaintiffs for a protective order will be denied.