GAF CORPORATION, Plaintiff,

v.

EASTMAN KODAK COMPANY, Defendant.

No. 73 Civ. 1893.

United States District Court, S. D. New York.

Dec. 11, 1979.

Stephen M. Axinn, Dennis J. Drebsky, Irene A. Sullivan, Finbarr J. O'Neill, Skadden, Arps, Slate, Meagher & Flom, New York City, for plaintiff.

Richard E. Carlton, Jerrold J. Ganzfried, William L. Farris, Sullivan & Cromwell, New York City, for defendant.

Philip F. Cody, Eugene P. Hanson, Charles V. Reilly, Daniel J. Pearlman, Donald Ferguson, U. S. Dept. of Justice, New York City, for the United States of America, amicus curiae.

PIERCE, District Judge.

### OPINION AND ORDER

Plaintiff GAF Corporation ("GAF") moves for a protective order which declares that neither GAF's compliance with two Civil Investigative Demands ("CID's") which the government has served on it nor its further voluntary cooperation with the government's investigation of defendant's activities will constitute a waiver of its attorney work product privilege with respect to any of the memoranda or documents requested. Defendant Eastman Kodak Company ("Kodak") opposes this motion on the grounds: (A) that the issues presented by this application are not ripe for judicial resolution; (B) that one of the GAF memoranda in controversy is not protected by this privilege; (C) that any voluntary cooperation by GAF with the government's investigation, including its compliance with the government's demand for its legal analysis, constitutes a waiver of its privilege; and (D) that voluntary oral consultations by GAF with the government

would violate the terms of a consent protective order entered into previously by GAF and Kodak, and would exceed the determination of the Court of Appeals.

For the reasons which follow, the motion is granted in part and denied in part.

*FACTS*

On November 29, 1973, the parties to this action stipulated to a consent protective order which expressly limited the uses of and the disclosure of certain documents that each party obtained from the other during the course of discovery. This consent protective order was issued by Judge Frankel, before whom this action was pending, on November 30, 1973. Paragraph 3(b) of that consent protective order provided that documents designated as "confidential matter" by the party producing the documents could only be used for the purpose of prosecuting the present action and not for any other purpose. It also provided that such documents could not be disclosed to any person other than: (1) the attorneys of record, their employees, and clerical assistants; (2) any independent outside data processing consultant, accountant, economist or statistician who has been retained by any attorney of record to assist in the conduct of the litigation; and (3) the Court.[1] No such restrictions on disclosure were placed on documents designated as "released matter", which includes all documents which were not designated as "confidential matter" or which were originally classified as confidential but were subsequently declassified by agreement of the producing party or by order of the Court. Several thousands of documents were exchanged between the parties during the course of discovery under this consent protective order.

On September 5, 1975, GAF's counsel[2] met with counsel for the government to discuss the government's involvement in an investigation against Kodak. At that conference, the government requested that GAF's counsel prepare a document which summarized and analyzed the results of GAF's discovery of Kodak documents. GAF's counsel subsequently prepared a memorandum which, GAF contends, discusses 52 of the documents that GAF had obtained from Kodak. Of the documents discussed in the memorandum, 25 were initially classified as "confidential matter." Of these 25 confidential documents, 23 were later declassified.

On January 29, 1976, GAF petitioned the Court for permission to voluntarily deliver to the government said memorandum and the 52 documents discussed therein. The petition was denied, and the Court barred GAF from transmitting the memorandum or any of the 52 documents it discusses to the government on the ground that such voluntary disclosure of Kodak documents by GAF would be violative of the "understanding that documents [procured through discovery would be used] solely for [the] purposes of this litigation." *GAF Corp. v. Eastman Kodak Co.*, 415 F.Supp. 129, 130 (1976) (Frankel, J.).

After Judge Frankel's ruling, the government continued its efforts to obtain the memorandum prepared by GAF and the 52 Kodak documents discussed therein. On March 16, 1977, it served Civil Investigative Demand No. 1750 on GAF, pursuant to the Antitrust Civil Process Act, 15 U.S.C. § 1311 et seq., by which it sought to procure these items. However, GAF refused to comply with the subpoena because of Judge Frankel's aforesaid ruling which barred GAF from voluntarily transmitting these items. The government, thereafter, commenced an action against GAF in which it sought to compel compliance. *United States v. GAF Corp.*, 77 Civ. 2984.

---

1. The consent protective order was subsequently modified by stipulation and order dated December 17, 1975 to permit the partners of the law firms engaged by the parties to reveal certain information contained in documents obtained through discovery to their respective clients. A second modification thereafter permitted the parties to use the discovery documents in an action pending between the parties in state court. See Stipulation and Order dated November 15, 1977.

2. GAF's counsel at that time was the law firm of Simpson Thatcher & Bartlett.

On February 19, 1979, the Court of Appeals for the Second Circuit determined that GAF must comply with CID No. 1750 and that the consent protective order entered into in this action did not bar such compliance, in this instance. It also determined, however, that the district court could, in its discretion, order "partial retention" of the consent protective order against transmission of discovery documents to the government upon a showing of need for confidentiality against the government.[3] Finally, it held that the district court could issue other protective orders that are designed to effectuate the provisions of the Antitrust Civil Process Act which limit the government's disclosure of subpoenaed documents to third parties.[4] *United States v. GAF Corp.*, 596 F.2d 10, 16 (2d Cir. 1979).

Upon remand of the government's action to this Court, GAF petitioned the Court for an order which declared in part that neither Kodak nor any other person, other than the government, could obtain any of GAF's legal analysis from GAF without its consent. GAF sought thereby to preclude Kodak from obtaining its memorandum. Since such an order would require determinations that the memorandum was protected by GAF's work product privilege and that such privilege had not been waived in some manner by GAF and since such determinations were tangential to the government's application for enforcement of its CID, this Court declined to rule on GAF's request. For similar reasons, this Court also declined to rule on GAF's additional request for a declaration that GAF could voluntarily engage in discussions with the government about any of the items demanded in CID 1750 without waiving any of GAF's privileges regarding those items. Neither the Antitrust Civil Process Act nor the decision of the Court of Appeals expressly provides for such a broad protective order. The Court suggested that these issues be raised in the present private action between GAF and Kodak rather than in the government's action to enforce the CID.

On June 28, 1979, this Court issued an order in the action commenced by the government directing that GAF comply with CID No. 1750.

Also on June 28, 1979, the government served a second demand on GAF—CID No. 3012—in which it sought to obtain all of the Kodak documents that GAF had obtained and all GAF memoranda or other GAF documents which analyze, review or discuss any of the Kodak documents. GAF subsequently brought on the present application for a protective order.

In the discussion that follows, the contentions of the parties concerning ripeness of this application, attachment and waiver of the attorney work product privilege, and the effect of the consent protective order issued on November 30, 1973 will be reviewed.

A. *Ripeness*

Kodak contends that the issues raised by this application for a protective order are not judicially ripe for resolution since Kodak has made no demand for GAF's documents and since GAF has failed to demonstrate that existing circumstances warrant the issuance of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. It argues that GAF merely seeks an advisory opinion from the Court and prior judicial approval of its acts. Kodak also asserts that the memorandum demanded by CID No. 1750 is not protected by any privilege and that if GAF does submit any of its documents or memoranda to the government pursuant to the CID's which are protected by the attorney work product privilege or if GAF engages in voluntary discussions with the government concerning such documents or memoranda, it will have waived any such privilege with respect to those documents and memoranda.

---

**3.** It appears that there was no such need for confidentiality in this instance since Kodak had volunteered to provide the government with the 52 Kodak documents that the government sought to procure from GAF. *United States v. GAF Corp.*, 596 F.2d 10, 12 (2d Cir. 1979).

**4.** *E. g.*, 15 U.S.C. § 1313(c).

██ The test of whether a controversy is ripe has been stated to be "whether there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Lake Carriers' Association v. MacMullan*, 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257 (1972). In determining whether an issue is ripe for determination, the court should consider not only whether the issue is normally a matter for judicial resolution but also the hardships the parties would suffer if the court refrains from addressing the issue. *Abbott Labs v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

██ The ripeness of each of the issues raised by this motion will be discussed separately. First, GAF contends that the memorandum of law demanded by the government in CID No. 1750 is protected by the attorney work product privilege and that GAF's compliance with the CID does not constitute waiver of the privilege. Kodak disagrees. The issue is one which is normally resolved by courts. Both parties and the government (the government appears as amicus curiae on this application) have stated their respective positions; and CID No. 1750 has been outstanding for more than 2½ years. Thus, it appears that there is sufficient immediacy of a substantial controversy to warrant judicial consideration of the matter. Moreover, it is apparent that if the Court finds that this issue is *not* ripe, GAF will be compelled to chose between the risk of waiving a privilege and the possibility of being subject to a further government action for failing to comply with the CID. Under these circumstances, the Court finds that sufficient potential hardships exist which justify immediate resolution of these issues.

Another issue raised by this application is whether GAF's proposed conferences with the government will violate the terms of the prior consent protective order dated November 30, 1973. This issue is also ripe. The consent protective order limited the use of discovered documents designated as "confidential matter" to the purpose of litigating this action. Any other use of those documents must be approved by the Court or agreed to by the party who produced the documents. Accordingly, GAF's proposed discussions with the government must be reviewed at this time with respect to the provisions of that consent protective order.

A third issue is whether GAF will waive any privilege it may have with respect to its own memoranda and documents if it engages in voluntary oral discussions with the government concerning those memoranda and documents. The Court does not consider this to be an issue which requires judicial determination at this time. GAF is not required to engage in oral discussions with the government at this time by virtue of either CID No. 1750 or No. 3012. Therefore, it will not suffer any hardship as a result of the Court's forebearance. Further, if the government determines that it requires the oral testimony of GAF's representatives, it has the statutory authority under the Antitrust Civil Process Act to seek that testimony, but GAF may assert a privilege. 15 U.S.C. § 1312(a). Accordingly, this Court offers no opinion on this third issue at this time.

B. *Applicability of the Attorney Work Product Privilege*

██ Rule 26(b)(3) of the Federal Rules of Civil Procedure provides that documents prepared in anticipation of litigation by or for a party may not be obtained by one's opponent through discovery without a showing of substantial need and undue hardship in obtaining the substantial equivalent of the documents sought. Such documents prepared by counsel which reflect counsel's mental impressions and legal analyses are within the purview of this privilege. See Notes of Advisory Committee on Rules. However, documents which are prepared solely for purposes other than trial preparation are not protected by the attorney work product privilege even though the documents may contain legal analysis of counsel. *See* 8 Wright & Miller, *Federal Practice and Procedure* § 2026 (1970).

Kodak contends that the GAF legal memorandum which has been subpoenaed by the government by CID No. 1750 and which analyzes 52 of Kodak's documents was not prepared by GAF's attorneys in preparation for litigation and is not, therefore, protected by the attorney work product privilege under Rule 26(b). It contends that the memorandum was prepared by GAF's attorneys at the request of and for the use of the government's attorneys.

Although it admits that this memorandum was prepared, at least in part, at the request of the government and for the government's use, GAF contends that the memorandum contains the fruits of its attorneys' investigative efforts and was also prepared for the purpose of assisting GAF's counsel in preparing for trial. Counsel for GAF further asserts that the memorandum was prepared for the purpose of reporting to GAF its evaluation of the documents procured from Kodak.

The parties were directed to appear on October 15, 1979 for an *in camera* inspection by the Court of the memorandum in controversy. The Court was unable, however, to determine from an examination of the memorandum alone whether it was a document prepared for trial, and so a further hearing was held on November 7, 1979 to receive evidence on this issue. GAF's witnesses at that evidentiary hearing were Eleanor M. Fox, Esq., who supervised the preparation of the memorandum while a partner at the law firm of Simpson Thatcher & Bartlett—GAF's former attorneys and Frederick McNabb, Jr., Esq., who reviewed the memorandum on behalf of GAF and discussed its import with GAF's counsel. McNabb was GAF's in-house general counsel at the time the memorandum was prepared and, in that capacity, was responsible for assisting in the conduct of the present litigation. These witnesses testified that the memorandum in controversy was prepared not only to comply with the government's request but also for several other reasons. They testified that the memorandum was to serve GAF's counsel: (1) as a basis for conducting depositions thereafter; (2) as an initial step in the preparation of a

"trial book"; (3) as a means of providing new attorneys entering the case on behalf of GAF with an analysis of the documents discussed therein; and (4) as a means of presenting to GAF its counsel's analysis of the evidence.

Having observed the witnesses and heard their testimony, the Court finds that the memorandum of law was prepared by GAF's counsel, at least in part, to assist them in the prosecution of this action. Although the memorandum was also prepared in order to comply with the request of the government, GAF is not barred, in the opinion of this Court, from asserting the attorney work product privilege. Therefore, the document in controversy is protected by the attorney work product privilege on the facts presented herein, unless the privilege has been waived as discussed further herein below.

### C. Waiver of the Attorney Work Product Privilege

Kodak contends that any privilege which GAF may have with respect to the memorandum demanded by the government under CID No. 1750, and any other similar such memoranda within the purview of CID No. 3012, will be waived if GAF delivers the memorandum to the government pursuant to the CID. It asserts that since GAF may refuse to deliver the memorandum under the Antitrust Civil Process Act, 15 U.S.C. § 1311–14, on the ground that it is a privileged document, GAF's compliance with the CID's will be voluntary. Voluntary disclosure, Kodak argues, constitutes a per se waiver of the attorney work product privilege.

The per se rule urged by Kodak is inconsistent with the rule accepted by the majority of courts. The majority rule provides that disclosure of the privileged information by the party asserting the attorney work product privilege to a third-party does not constitute waiver unless such disclosure, under the circumstances, is inconsistent with the maintenance of secrecy from the disclosing party's adversary. 8 Wright &

Miller, *Federal Practice and Procedure* § 2024 at 210 (1970) (citing *Stix Products, Inc. v. United Merchants & Mfgrs., Inc.*, 47 F.R.D. 334, 338 (S.D.N.Y.1969) and other cases). Therefore, only if such disclosure substantially increases the possibility that an opposing party could obtain the information disclosed will the disclosing party's work product privilege be deemed waived. 8 Wright & Miller, *Federal Practice and Procedure* § 2024 at 210 (1970); *Litton Systems Inc. v. A. T. & T. Co.*, [1979–1] Trade Reg.Rep. (CCH) ¶ 62,563 at 77,270 (S.D.N.Y. 1979). This majority rule reflects the purpose of the work product privilege which is to prevent an *opposing* party from securing the protected information rather than to prevent the outside world generally from obtaining the information. 8 Wright & Miller, *Federal Practice and Procedure* § 2024 (1970). It seems apparent therefore that the majority rule, and not the per se rule urged by Kodak, is the proper test for waiver of this privilege.

■ Kodak, in this instance, has failed to demonstrate that GAF's proposed compliance with the CID's will constitute waiver of the attorney work product privilege. Even if GAF chooses to comply with the CID's, it does not appear that the probability of Kodak obtaining knowledge of the information contained therein will be substantially increased. The Antitrust Civil Process Act specifically bars the government from revealing the contents of the GAF memorandum to Kodak without GAF's consent. 15 U.S.C. § 1313(c)(3). Nor does it appear that such compliance would be otherwise inconsistent with the maintenance of secrecy of GAF's privileged attorney work product vis-a-vis Kodak. Therefore, it is the opinion of this Court that the mere disclosure of GAF's protected attorney work product to the government in compliance with the CID's will not constitute a waiver of GAF's work product privilege.

*D. Prior Consent Protective Order*

■ The final issue is whether the consent protective order issued by Judge Frankel on November 30, 1973 bars voluntary oral discussions between GAF and the government. This issue, of course, is distinguishable from the question of whether voluntary discussions between GAF and the government would constitute waiver by GAF of any work product privilege that GAF may have regarding any of the GAF memoranda or documents which may be discussed at the proposed conferences. The latter issue, as discussed previously, is not ripe, and this Court offers no opinion on that issue at this time.

On November 30, 1973, the Court issued a consent protective order which limits a party herein from disclosing the confidential documents produced by the opposing party in the course of discovery as discussed previously. Such documents were to be used solely for the purposes of this litigation.[5] However, non-confidential documents and documents which have been declassified either by the producing party or by the Court are not subject to these restraints. The provisions of this consent protective order are broad enough to prohibit voluntary oral discussions between GAF and the government to the extent that specific references will be made in those discussions to the contents of Kodak documents which continue to be designated as "confidential matter".

GAF and the government contend, however, that the recent decision of the Court of Appeals in the action by the government against GAF to enforce CID No. 1750 abrogates the consent protective order to the extent that the order prohibits or limits the proposed voluntary oral discussions. *United States v. GAF Corp.*, 596 F.2d 10 (2d Cir. 1979). This Court does not agree with that interpretation of the decision. The issue before the Court of Appeals was limited to whether or not the government was entitled to enforcement of the CID in spite of the consent protective order. The Court of Appeals merely determined that the government was entitled to enforcement of

**5.** See footnote 1 regarding modifications of the consent protective order.

the CID. As stated by that Court, "[t]he lifting of the protective order would simply permit, in the District Judge's discretion, the legal analysis memoranda [of GAF], which discuss documents received in the discovery, to be turned over to the government pursuant to what we have determined to be a valid CID . . .. The government has won only a very limited victory . . .." *Id.* at 19. Therefore, although the consent protective order does not bar enforcement of the CID, that order has not been totally vitiated by the Court of Appeals decision with respect to the government.

Accordingly, it is the opinion of this Court that GAF may not engage in voluntary oral discussions with the government concerning Kodak documents which are designated as "confidential matter" and have not been declassified. If the government desires to engage in oral discussions with GAF's counsel regarding such documents, it might proceed by way of CID. 15 U.S.C. § 1312(a). In any event, the consent protective order does not bar such discussions regarding non-confidential documents.

SO ORDERED.