In re F.A. POTTS AND CO., INC., Debtor.

McCORMACK TERMINAL CO., INC., Plaintiff,

v.

F.A. POTTS AND CO., INC., et al., Defendants.

Bankruptcy No. 81–03639.
Adv. No. 82–1467.

United States Bankruptcy Court,
E.D. Pennsylvania.

June 14, 1983.

David L. Braverman, Wexler Weisman, Forman & Shapiro, Philadelphia, Pa., for Potts.

Margery N. Reed, Duane, Morris & Heckscher, Philadelphia, Pa., for McCormack.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding, debtor/defendant F.A. Potts and Co., Inc. (hereinafter "Potts") seeks, through the discovery process, to compel David C. Denise, the former president of plaintiff McCormack Terminal Co., Inc. (hereinafter "McCormack"), to produce nine particular documents which he has in his possession. McCormack and Mr. Denise have objected to the production of these documents on the grounds that such production would violate either the attorney-client privilege (with McCormack as the client) or the attorney work-product doctrine.

For the reasons hereinafter given, we conclude that Mr. Denise need not produce any of the nine documents in question in that each document is protected from discovery by either the attorney-client privilege or the attorney work-product doctrine.[1]

By agreement of the parties, the nine disputed documents have been submitted to the Court for an in camera review. Eight of the documents represent correspondence, some with enclosures, between various of McCormack's attorneys and Mr. Denise. The other is Mr. Denise's handwritten notes regarding a telephone conversation between him and one of McCormack's attorneys. Of course, because of our ruling today, we shall not be able to explain the contents of any of these documents to any significant extent.

For the convenience of the parties and the Court, the documents have been listed and chronologically numbered one through nine by Mr. Denise and McCormack, and we shall address each in numerical order. It should first be noted that Mr. Denise was the president of McCormack from April 1980 through December 1981, and has not been employed by McCormack since December 1981. The first six documents are dated within the period of his presidency, but the last three post-date his employment with McCormack. With respect to all nine documents, Mr. Denise was acting in his capacity as president or former president of McCormack, and not in his personal capacity.

◼ Document No. 1, dated October 6, 1980, is Mr. Denise's handwritten notes of a telephone conversation between him and Arthur Burgess, one of McCormack's attorneys. This document deals with legal advice provided by Mr. Burgess to Mr. Denise and clearly meets all eight of the widely recognized necessary elements of the attorney-client privilege.[2] Therefore, Document No. 1 is protected from discovery by the attorney-client privilege.

◼ Document No. 2, dated November 11, 1980, is a letter from Mr. Burgess to Mr. Denise. It contains legal advice which Mr. Denise had requested from Mr. Burgess. The attorney-client privilege is not restricted to the actual communication by the client to the attorney. The privilege ordinarily extends also to the attorney's response to the client's request for legal advice because such response usually effectively reveals the substance of the client's confidential communication to the attorney. *Matter of Fischel,* 557 F.2d 209, 211 (9th Cir.1977). In this regard, we find that Doc-

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

2. See *United States v. El Paso Co.,* 682 F.2d 530, 538 n. 9 (5th Cir.1982) quoting from 8 J. Wigmore Evidence § 2292 at 554 (J. McNaughton rev. 1961):

(1) Where legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal advisor; (8) except the protection be waived.

ument No. 2 does reveal the substance of Mr. Denise's confidential communication to McCormack's attorney and satisfies all of the other aforementioned elements of the attorney-client privilege. Therefore, Document No. 2 need not be produced.

 Document No. 3, dated July 23, 1981, is a letter from Marc A. Citron, one of McCormack's attorneys, to Mr. Denise. Typed in the lower left-hand corner of the letter is "cc: Mr. Sherman Golomb". Mr. Golomb was McCormack's outside accountant at that time. Potts argues that the disclosure of this document to Mr. Golomb negates the attorney-client privilege with respect to it. It is true as a general rule that disclosure to third parties precludes the use of the attorney-client privilege because of either lack of confidentiality or waiver. However, there is a well-established exception to this rule where accountants are involved. When an accountant is consulted by either the attorney or the client in connection with the seeking or giving of legal advice, such consultation does not vitiate the attorney-client privilege. See, e.g., *In re Horowitz*, 482 F.2d 72 (2nd Cir.1973); *United States v. Schmidt*, 360 F.Supp. 339 (M.D.Pa.1973); *Elgin Federal Credit Union v. Cantor*, 91 F.R.D. 414 (N.D.Ga.1981). If, however, otherwise privileged communications are disclosed to an accountant who is consulted for a purpose unrelated to the seeking or giving of legal advice, as in the ordinary rendering of accounting services, for example, the attorney-client privilege would be inapplicable. In this instance, we find that Mr. Golomb was consulted for the former reason and not the latter. Therefore, said consultation does not preclude the applicability of the attorney-client privilege. We further find that all of the other elements of the attorney-client privilege are satisfied as to Document No. 3. Therefore, Document No. 3 need not be produced.

Document No. 4, dated July 27, 1981, is a letter from John C. Dieffenderfer, one of McCormack's attorneys, to Mr. Denise. We find that this letter also comes within the ambit of the attorney-client privilege and need not be produced for the same reasons

cited in our discussion of Document No. 2, *supra.*

Document No. 5, dated August 5, 1981, is a letter from the aforementioned Marc A. Citron, one of McCormack's attorneys, to Mr. Golomb. Typed in the lower left-hand corner of the letter is "cc: Mr. David Denise". We find that this letter also comes within the ambit of the attorney-client privilege and need not be produced for the same reasons we cited in our discussion of Document No. 3, *supra.* We find no significance in the fact that, unlike Document No. 3, Document No. 5 was sent to Mr. Denise by means of a courtesy copy.

Document No. 6, dated December 14, 1981, is a letter from the aforementioned Arthur Burgess, one of McCormack's attorneys, to Mr. Denise. We find that this letter is also protected by the attorney-client privilege and need not be produced for the same reasons we cited in our discussion of Document No. 2, *supra.*

Document No. 7, dated November 22, 1982, is a letter from Margery N. Reed, one of McCormack's attorneys, to Mr. Denise. Typed in the lower left-hand corner of the letter is "cc: Mr. Jacob Goodstein". Mr. Goodstein is an attorney who was assisting Ms. Reed in her representation of McCormack in the present lawsuit. McCormack claims that Document No. 7 need not be produced, relying on the attorney work-product doctrine. See Rule 26(b)(3) of the Federal Rules of Civil Procedure, which is specifically made applicable to this adversary proceeding by Rule 726 of the Rules of Bankruptcy Procedure. Also see *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

The contents of Document No. 7 clearly indicate that it constitutes trial preparation material within the meaning of Rule 26(b)(3), F.R.C.P. McCormack had sued Potts in our Court on June 11, 1982, and Document No. 7 was definitely prepared in connection with the upcoming trial of this matter.

 Potts argues, however, that the attorney work-product doctrine cannot ap-

ply to Document No. 7 because it post-dates Mr. Denise's employment with McCormack. Therefore, claims Potts, the disclosure of this work-product material to Mr. Denise, an "unrelated third party", constitutes a waiver of the work-product doctrine. It is certainly true that the work-product doctrine may, under certain circumstances, be waived. *United States v. Nobles,* 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975). However, the purpose of the work-product doctrine is to protect material from an opposing party in litigation and "not necessarily from the rest of the world generally." *United States v. American Tel. and Tel. Co.,* 642 F.2d 1285, 1298–1299, (D.C.Cir.1980). Waiver of the work-product doctrine occurs only if the disclosure to a third party "substantially increases the possibility that an opposing party could obtain the information". *GAF Corp. v. Eastman Kodak Co.,* 85 F.R.D. 46, 51–52 (S.D.N.Y.1979), citing 8 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2024, at 210 (1970). Also see *In re Doe,* 662 F.2d 1073, 1081 (4th Cir.1981); *Grumman Aerospace Corp. v. Titanium Metals Corp.,* 91 F.R.D. 84, 89 (E.D. N.Y.1981).

■ In the present matter, we find that Mr. Denise's involvement in Document No. 7 does not substantially increase the possibility that Potts could obtain the information contained therein and is not at all inconsistent with the purpose of the work-product doctrine. We note also that, as a practical matter, in adequately preparing for trial, it was necessary for counsel for McCormack to work with Mr. Denise with regard to matters which occurred during his tenure as president of McCormack. Furthermore, we find that Potts has not shown that it has substantial need of Document No. 7 and is unable without undue hardship to obtain the substantial equivalent of Document No. 7 by other means. Rule 26(b)(3), F.R.C.P. Therefore, we find that Document No. 7 is covered by the attorney work-product doctrine and need not be produced.

Document No. 8 and Document No. 9, dated November 24, 1982 and November 30, 1982, respectively, come squarely within our factual and legal analysis of Document No. 7, *supra.* Also, Potts has made the identical argument with respect to these two documents as it has made with respect to Document No. 7. Therefore, we find that Document No. 8 and Document No. 9 are protected by the attorney work-product doctrine and need not be produced.