**WRISCO INDUSTRIES, INC.**

v.

**Robert F. HINELY, Jr., et al.**

**Civ. No. 1:88–cv–2473–WCO.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 28, 1990.

J. Marbury Rainer, Atlanta, Ga., for plaintiff.

Casper Rich, Decatur, Ga., and Lloyd B. Hedrick, Atlanta, Ga., for defendants.

### ORDER

O'KELLEY, Chief Judge.

This case is presently before the court on the defendants' motion to disqualify Hendrik G. Milne and his law firm of Squire, Sanders & Dempsey as attorneys for the plaintiff in the captioned case. After considering the arguments of the parties, the court finds that the defendants' motion is completely without merit. Accordingly, the defendants' motion to disqualify the plaintiff's counsel is denied.

## Discussion

The plaintiff in this case filed suit against the defendants alleging breach of contract, breach of fiduciary duty, conversion, conspiracy, wrongful appropriation of trade secrets, and tortious interference with a business. The defendants now allege that the plaintiff's counsel, Hendrik G. Milne and Squire, Sanders & Dempsey, should be disqualified from this case because Mr. Milne testified before a DeKalb County grand jury regarding alleged thefts committed by defendants Robert F. Hinely, Jr. and Barry K. Taylor. Mr. Milne's testimony led to the criminal indictment of each of these defendants.

■ Although the defendants' brief is highly equivocal in its argumentation, it appears that their motion to disqualify is most plausibly founded upon the following grounds: (1) by testifying before the grand jury, Mr. Milne violated the Code of Professional Responsibility as adopted in Georgia, Directory Rule 5–102, Ethical Consideration 5–9, and Ethical Consideration 5–10, and, as such, must be disqualified[1] (*see* Motion to Disqualify Counsel, p. 3, ¶ 8); and (2) by testifying before the grand jury, Mr. Milne has waived any possible claim to the work product or attorney-client privilege, thus rendering himself a potential material witness in the captioned case, and effectively disqualifying himself as the plaintiff's counsel. The court finds each argument to be completely without merit.

The Directory Rules and Ethical Considerations that the defendants claim Mr. Milne violated do not appear to contemplate the situation presented in this case of a plaintiff's attorney in a civil case testifying before a grand jury as to matters related but collateral to the civil action. These provisions are clearly aimed at preventing, or at least discouraging, an attorney from acting as a witness in the *same* proceeding

in which he is acting as counsel to one of the parties. Directory Rule 5–102 provides that:

> When a lawyer is a witness *for his client*, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except when essential to the ends of justice, *a lawyer should avoid testifying in court on behalf of his client.*

Rules and Regulations for the Organization and Government of the State Bar of Georgia, DR 5–102 (emphasis added). In addition, the main concern of the applicable Ethical Considerations is to prevent the creation of a conflict of interest by having an attorney act as both advocate and witness,[2] a concern that is not present in this case.

In short, because the grand jury testimony of Mr. Milne was not given on behalf of the plaintiff and because the grand jury proceeding was completely separate from the captioned case, Mr. Milne did not violate DR 5–102, nor was his conduct inconsistent with the relevant Ethical Considerations. Accordingly, the court finds that this argument for disqualification is without merit.

■ The court likewise finds no merit in the defendants' argument that Mr. Milne has rendered himself a potential material witness, and hence must be disqualified. First, the court finds that Mr. Milne did not waive his claim to the work product privilege by testifying with regard to information alleged to be covered by that privilege.

Although the Eleventh Circuit has not addressed this specific issue, the court is persuaded by the reasoning of the District of Columbia Circuit in *United States v. American Telephone and Telegraph Com-*

---

1. The court notes that if Mr. Milne must be disqualified for the reasons alleged, his disqualification would likewise be imputed to Squire, Sanders & Dempsey.

2. Ethical Consideration 5–9 states in part that: An advocate who becomes a witness is in the unseemly and ineffective position of arguing

his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.
Rules and Regulations for the Organization and Government of the State Bar of Georgia, EC 5–9.

*pany,* 642 F.2d 1285 (D.C.Cir.1980).[3] In that case, the court stated that "a third party does not waive the privilege 'unless such disclosure, under the circumstances, is inconsistent with the maintenance of secrecy from the disclosing party's adversary.'" *Id.* at 1299 (quoting *GAF Corp. v. Eastman Kodak Co.,* 85 F.R.D. 46 (S.D.N.Y. 1979)). In holding that the work product privilege was not waived as a result of a disclosure of documents to the government, that court also noted that:

> "So long as transferor [sic] and transferee anticipate litigation against a common adversary on the same issue or issues, they have strong common interests in sharing the fruit of the trial preparation efforts.... *When the transfer to a party with such common interests is conducted under a guarantee of confidentiality, the case against waiver is even stronger.*"

*Id.* at 1299–1300 (emphasis added).

In the captioned case, it is clear that the interests of the plaintiff are completely consistent with those of the grand jury. In addition, the proceedings of a grand jury are conducted with the highest degree of confidentiality. Consequently, this case falls squarely within the reasoning of *American Telephone & Telegraph,* and the court finds that the Mr. Milne did not waive the work product privilege by testifying before the grand jury.

■■■ The defendants also appear to allege that by testifying before the grand jury, Mr. Milne has somehow waived the attorney-client privilege, thus rendering himself a potential witness in the civil trial.

This argument fails for two reasons. First, the plaintiff, not Mr. Milne, is the holder of the privilege, and as such only the plaintiff is capable of effectuating a waiver. *See* 8 Wigmore, Evidence § 2327 (McNaughton rev. 1961 & Supp.1989). Secondly, given that the grand jury proceeding was conducted in complete secrecy it is unlikely that the defendants would be able to establish the content of Mr. Milne's testimony.[4] Hence, it is improbable that the defendants could prove that Mr. Milne testified as to information transmitted to him by the plaintiff "pending his employment or in anticipation thereof." *See* O.C.G.A. § 24–9–24. In addition, the court notes that Mr. Milne indicates that his grand jury testimony was completely hearsay, based on information communicated to him by third parties.[5] *See* Memorandum in Response to Defendants Hinely and Taylor's Motion to Disqualify Counsel, p. 4; Affidavit of Hendrik Milne. Thus, even if the defendants could discover what Mr. Milne stated before the grand jury, his testimony still would not be admissible in the plaintiff's action.

As the court finds that neither the attorney-client privilege nor the work product privilege has been waived, it does not appear that Mr. Milne is a potential material witness in the captioned case. Hence, there is no reason for Mr. Milne to withdraw as counsel for the plaintiff, and likewise the court need not order his disqualification or the disqualification of Squire, Sanders & Dempsey.

### Conclusion

For the reasons set forth, the defendants' motion to disqualify Hendrik G.

---

3. *See also Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp.,* 125 F.R.D. 578 (N.D.N.Y.1989).

4. *But see Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979) (grand jury transcripts may be obtained if party can "show that the material [sought] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed"); *see also* Fed.R.Crim.P. 6(e)(3)(C)(i).

5. Because this is the case, the court also notes that Mr. Milne's testimony was not violative of

the attorney-client privilege. *See Buffington v. McClelland,* 130 Ga.App. 460, 465, 203 S.E.2d 575, 580 (1973) ("[T]he attorney-client privilege ... does not encompass matters of which the attorney has or gains knowledge through some source other than the communications of his client in preparation for litigation. If he has knowledge from another source, testimony concerning that is proper."). *See also* 8 Wigmore, Evidence § 2317 (McNaughton rev. 1961 & Supp.1989) (attorney cannot invoke privilege when information is obtained from third party, irrespective of whether information was for benefit of client).

Milne and his law firm of Squire, Sanders & Dempsey as attorneys for the plaintiff is hereby denied.

IT IS SO ORDERED.