**FRANK BETZ ASSOCIATES, INC., Plaintiff,**

v.

**JIM WALTER HOMES, INC., Defendant.**

No. CIV.A. 6:03–771–26.

United States District Court,
D. South Carolina,
Greenville Division.

Jan. 14, 2005.

Wallace K. Lightsey, Troy Alan Tessier, Wyche Burgess Freeman and Parham, Greenville, SC, for Plaintiff.

Neil C. Jones, Nelson Mullins Riley and Scarborough, Greenville, SC, for Defendant.

## ORDER

HENDRICKS, United States Magistrate Judge.

This matter is before the court on several pending motions. In its complaint, the plaintiff Frank Betz Associates. Inc. ("plaintiff") alleges copyright infringement by the defendant Jim Walter Homes, Inc. ("defendant") with regard to residential home building designs. The plaintiff is an architectural firm, and the defendant is a home builder. In its answer, the defendant alleged counterclaims seeking a declaratory judgment that it did not infringe on the plaintiff's copyright and that the plaintiff's copyrights are invalid.

The motions were referred to this court for disposition pursuant to Title 28, United States Code, Section 636, by order of the Honorable Henry F. Floyd, United States District Judge, filed September 22, 2004.

### Defendant's Motion for Protective Order and Plaintiff's Motion to Compel

On September 22, 2004, the defendant filed a motion for a protective order seeking to prevent the disclosure of allegedly privileged communications that were sought during the deposition of John Culbreth, the chief financial officer of the defendant (*see* Culbreth dep. at 28–31, 41–42). The plaintiff seeks discovery on the amount of a "reserve" that was set aside for purposes of this litigation. The reserve amount was recorded on the defendant's financial statements and disclosed to its outside accountants. The defendant argues that the information sought is protected by the attorney-client privilege and work-product doctrine, is subject to an accountant-client privilege under Florida law (Fla. Stat. Ann. § 473.316 (West Supp.1993)), and is not reasonably calculated to lead to the discovery of admissible evidence. The defendant further contends that it never waived any privilege when disclosing such information to the accountants as such disclo-

sure is required by federal law and because the accountants were persons with "with an interest common to that of the attorney or the client" as referred to in *In re John Doe*, 662 F.2d 1073 (4th Cir.1981) (def. m. for protective order at 1, 6–7).

The defendant contends that to accept the plaintiff's argument that the disclosure of the reserve amount to outside accountants waives privilege means that all public companies complying with accounting standards (*i.e.,* Generally Accepted Accounting Principles, Financial Accounting Standards, American Institute of CPA, professional standards, and Section 302 of the Sarbanes–Oxley Act of 2002) would waive any privilege attached to such reserves (def. m. for protective order at 9–10). According to the affidavit of Charles Cauthen, the Senior Vice President and Controller for Walter Industries, Inc., of which the defendant is a subsidiary, the reserve amount that was created was based on attorney advice and included the mental impressions of the defendant's attorneys. He further testified that the defendant does not create reserve amounts in respect of claims unless litigation is anticipated and/or filed (Cauthen aff. ¶¶ 6–12).

In *U.S. v. One Tract of Real Prop.,* 95 F.3d 422 (6th Cir.1996), the Sixth Circuit Court of Appeals stated the following:

> Although courts most commonly apply the work product privilege to documents and things, the Supreme Court in *Hickman [v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ]* made clear that disclosure of the opinions or mental processes of counsel may occur when nontangible work product is sought through depositions, interrogatories, and requests for admissions. *See* 329 U.S. at 505, 510–11, 67 S.Ct. at 390–91, 393–94; *see also* 4 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 26.15 (2d ed.1996). When applying the work product privilege to such nontangible information, the principles enunciated in *Hickman* apply, as opposed to Rule 26(b)(3) of the Federal Rules of Civil Procedure, which applies only to "documents and tangible things."

*Id.* at 428 n. 10.

In a case similar to the one at issue, purchasers of Pfizer common stock sued Pfizer alleging Securities Exchange Act violations. *In re Pfizer Inc. Sec. Litig.,* No. 90 Civ. 1260(SS), 1994 WL 263610 (S.D.N.Y. June 6, 1994). The plaintiffs moved to compel production of documents relating to reserves for individual heart valve litigations against the company. The court noted:

> The reserve figure set for an individual case reflects an attorney's professional opinion as to the value of the tort claimant's suit. In this specific context of litigation over defects in a mechanical heart valve, a reserve figure could reveal Pfizer's view about, inter alia (1) the strength of a plaintiff's case, (2) the extent of the design defect, (3) the applicability of an affirmative defense, (4) the potential settlement value, and (5) in a prefracture case, the likelihood of valve rupture. These are typical examples of opinion work product. Unlike ordinary work product, which is discoverable upon a showing of "substantial need" and "undue hardship," Fed. R.Civ.P. 26(b)(3), opinion work product "is accorded almost absolute protection from discovery because any slight factual content that such items may have is generally outweighed by the adversary system's interest in maintaining the privacy of an attorney's thought processes and in ensuring that each side relies on its own wit in preparing their respective cases."

*Id.* at *4 (quoting *Sporck v. Peil,* 759 F.2d 312, 316 (3d Cir.)). The court also considered whether the work product doctrine was waived because Pfizer disclosed documents regarding individual reserve amounts to its independent auditor. *Id.* at *6. The court reasoned as follows:

> The work product privilege is not automatically waived by any disclosure to third persons. *In re Sealed Case,* 676 F.2d [793] at 809 [(D.C.Cir.1982)]. Rather, the courts generally find a waiver of the work product privilege only if the disclosure "substantially increases the opportunity for potential adversaries to obtain the information." *In re Grand Jury,* 561 F.Supp. 1247, 1257 (E.D.N.Y.1982). Accord *In re Steinhardt Partners,* 9 F.3d 230, 235 (2d Cir.1993); *In re Doe,* 662 F.2d

1073, 1081 (4th Cir.1981), cert. denied, 455 U.S. 1000, 102 S.Ct. 1632, 71 L.Ed.2d 867 (1982); *United States v. AT & T*, 642 F.2d 1285, 1299 (D.C.Cir.1980); *Grumman Aerospace Corp. v. Titanium Metals Corp.*, 91 F.R.D. 84, 89 (E.D.N.Y.1981); *GAF Corp. v. Eastman Kodak Co.*, 85 F.R.D. 46, 51 (S.D.N.Y.1979); *American Standard, Inc. v. Bendix Corp.*, 71 F.R.D. 443, 446 (W.D.Mo.1976). Disclosure of work product to a party sharing common interests is not inconsistent with the policy of privacy protection underlying the doctrine. *See Stix Prods. v. United Merchants & Mfrs.*, 47 F.R.D. 334, 338 (S.D.N.Y.1969) ("The work product privilege should not be deemed waived unless the disclosure is inconsistent with maintaining secrecy from possible adversaries."). Therefore, in *Gramm v. Horsehead Indus., Inc.*, No. 87 Civ. 5122, 1990 WL 142404, 1990 U.S. Dist. LEXIS 773 (S.D.N.Y. Jan. 25, 1990), the court held that defendants did not waive their work product privilege to a document transmitted to the company's outside auditors, because such a disclosure "cannot be said to have posed a substantial danger at the time that the document would be disclosed to plaintiffs." *Id.* at *5, 1990 U.S. Dist. LEXIS 773 at *15. Likewise, in this case, Pfizer and Peat Marwick obviously shared common interests in the information, and Peat Marwick is not reasonably viewed as a conduit to a potential adversary. Therefore, no waiver of work product protection occurred by the provision of these documents to Peat Marwick.

*Id.*

On October 26, 2004, the plaintiff filed its response to the motion for protective order and its own motion to compel. The plaintiff argues that the information regarding the amount of the reserve is not privileged and further seeks the disclosure of six documents listed in the defendant's "First Amended Privilege Log" (pl. m. to compel, ex. A). According to the plaintiff, the six documents appear to be related to the reserve accrual. The plaintiff argues that the defendant's recognition of the likelihood of infringement is demonstrated by the fact that it recorded a reserve on its financial statements and reported it to outside accountants. According to the plaintiff, this is evidence of willfulness because the defendant continued to build infringing houses even though it had determined that this lawsuit would likely result in a finding of copyright infringement (pl. m. to compel at 6–7).

Based upon the arguments of the parties as presented in their memoranda, this court finds that the reserve amount is protected by the work product doctrine and was not waived by the disclosure of the amount to outside auditors. Furthermore, this court finds that the documents sought by the plaintiff in their motion to compel are protected by the work product doctrine.

### Plaintiff's Second Motion to Compel

■ On December 6, 2004, the plaintiff filed a motion to compel production of documents in response to its document requests Nos. 47 and 48. In this lawsuit, the plaintiff has accused the defendant of copying a design called the "Meriwether," making minor changes to the design and marketing it as the defendant's plan called the "Chadwick." The requests at issue in the motion to compel seek documents concerning another plan of the defendant's marketed under two names, the "Bayou" and the "Bayview", which the plaintiff claims is a copy of its plan, the "Branell" (pl. m. to compel, ex. C, D).

Request No. 47 asks for all documents concerning the Bayou/Bayview, including but not limited to all documents concerning the origin or creation of this plan. Request No. 48 asks for all documents concerning any contracts or communications between the defendant and Larry Matherne. The defendant objected to the requests as irrelevant. One of the defendant's witnesses testified that the defendant obtained the Bayou/Bayview from Matherne, an independent contractor from Louisiana (Steve Nordstrom dep. at 20–22). The plaintiff argues that the materials are relevant in that they may tend to show a plan, pattern, or practice by the defendant to copy designs created by the plaintiff (pl. m. to compel at 3) (quoting Fed.

R.Evid. 404(b))[1]. The plaintiff contends that the evidence of other infringement undercuts the defendant's defense that the similarities in the parties' respective designs are a mere coincidence resulting from the use of common architectural elements, themes, or motifs in combination (pl. m. to compel at 3). The plaintiff further argues that the discovery may lead to impeachment evidence that could be used to show that the testimony of the defendant's witnesses in this case, who testified that the Bayou/Bayview plan was created by Matherne, cannot be believed (pl. reply at 3).

The defendant argues that the requested documents are expressly excluded from evidence by Federal Rule of Evidence 404(b). The defendant further contends that the information is not relevant and can be learned from sources other than the defendant, such as by deposing Matherne (def. resp. m. to compel at 3).

As noted by the plaintiff, at this time the issue is the discoverability, not admissibility, of the requested documents. This court finds the requests seek information relevant to the claims of the plaintiff. Based upon the foregoing, the documents should be produced.

Now, therefore, based upon the foregoing,

IT IS ORDERED that:

(1) The motion to extend filed by the plaintiff on November 29, 2004 is moot;

(2) The motion to extend filed by the defendant on December 22, 2004 is moot;

(3) The defendant's motion for protective order is granted;

(4) The plaintiff's first motion to compel production of documents is denied; and

(5) The plaintiff's second motion to compel production of documents is granted.

IT IS SO ORDERED.

---

1. Federal Rule of Evidence 404(b) provides:
(b) Other Crimes, Wrongs, or Acts.—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.